## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

IN RE                                          )
                                               )      **Case No. 11-02567-TLM**
**DOUG LARSEN CONSTRUCTION,**   )
**INC.,**                                     )      **Chapter 11**
                                               )
               **Debtor.**                     )
_____   )

## MEMORANDUM OF DECISION
_____

Before the Court in this chapter 11 case are (1) "Debtor's Second Motion

for Extension of Time under 11 U.S.C. § 1129(e)," Doc. No. 63 ("Second

Extension Motion"), filed by debtor in possession Doug Larsen Construction, Inc.

("Debtor") and (2) approval of Debtor's "Disclosure Statement Dated May 21,

2012," Doc. No. 51 ("Amended Disclosure Statement").  A hearing was held on

June 25, 2012, after which the Court took both matters under advisement.  Having

evaluated the record and arguments presented, the Court enters this Memorandum

of Decision, which constitutes the Court's findings of fact and conclusions of law

on the matters.  Fed. R. Bankr. P. 9014, 7052.[1]

**FACTS**

On August 22, 2011, Debtor Doug Larsen Construction, Inc., an Idaho

corporation, filed a petition for relief under chapter 11 of the Bankruptcy Code.

---

[1]  Unless otherwise indicated, all statutory citations in this Decision are to the
Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the Federal Rules of
Bankruptcy Procedure, Rules 1001–9037.

On its petition, Debtor checked the box designating that "Debtor is a small

business debtor as defined in 11 U.S.C. § 101(51D)."  Doc. No. 1 at 1.  Section

101(51D) provides:

> The term 'small business debtor' . . . means a person engaged in
> commercial or business activities . . . that has aggregate noncontingent
> liquidated secured and unsecured debts as of the date of the filing of the
> petition or the date of the order for relief in an amount not more than
> $2,343,300 . . . for a case in which the United States trustee has not
> appointed under section 1102(a)(1) a committee of unsecured
> creditors[.][2]

Debtor filed a disclosure statement and chapter 11 plan on February 26,

2012, Doc. Nos. 35 and 36, respectively.  The following day, Debtor filed a

"Motion for Extension of Time under 11 U.S.C. § 1129(e)," Doc. No. 40

("Extension Motion"), requesting the Court extend the deadline for confirming

Debtor's plan to July 2, 2012.[3]  Debtor noticed the disclosure statement and

Extension Motion for an April 9, 2012, hearing.[4]  The United States Trustee

("UST") filed an objection to Debtor's disclosure statement.  Doc. No. 45.

Hearing on Debtor's disclosure statement and Extension Motion occurred

on April 9.  At that hearing, the Court ruled it would deny approval of the

disclosure statement and grant the Extension Motion.  The minute entry, reflecting

---

[2]  Debtor's schedules reflected a total amount of debt of $322,450.29.  Doc. No. 18.

[3]  As discussed in more detail below, § 1129(e) imposes a 45-day deadline for confirming
a plan, once filed, in a small business case.  That deadline may be extended if certain
requirements, found in § 1121(e)(3), are met.

[4]  The 45th day after the February 26, 2012, filing of the disclosure statement and plan
was April 11, 2012.

MEMORANDUM OF DECISION - 2

the proceedings at the April 9 hearing, stated that "An order is forthcoming."  A

proposed order denying approval of the disclosure statement was submitted by the

UST and subsequently entered by the Court on April 16, 2012.  *See* Doc. No. 48.

No order was ever submitted on the Extension Motion, and none was entered.

On May 24, 2012, Debtor filed the Amended Disclosure Statement along

with an amended chapter 11 plan.  The UST objected to the Amended Disclosure

Statement.  Doc. No. 60.  Among the grounds for denying approval of the

Amended Disclosure Statement, the UST asserted that the deadline for Debtor to

confirm a plan had lapsed because no order was ever entered on Debtor's

Extension Motion and, therefore, the case was subject to dismissal or conversion

under this Court's decision in *In re Roots Rents, Inc.*, 420 B.R. 28 (Bankr. D.

Idaho 2009).  Alternatively, the UST argued that even if Debtor had successfully

extended the deadline for confirming its plan to July 2, 2012, there was insufficient

time, given the applicable noticing requirements, for Debtor to confirm a plan by

that date.

As part of its response to the UST's objection, Debtor filed on Saturday,

June 23, the Second Extension Motion, in which it requested a further extension of

time for confirming its plan to August 31, 2012.  Debtor also filed a motion to

shorten time so that the Second Extension Motion could be heard on June 25 in

conjunction with the hearing on the Amended Disclosure Statement.  Doc. No. 64.

The Court granted Debtor's motion to shorten time, and at the June 25 hearing

MEMORANDUM OF DECISION - 3

entertained argument on both the Amended Disclosure Statement and the Second

Extension Motion.

## DISCUSSION AND DISPOSITION

### A.   Motions for Extension of Time under 11 U.S.C. §§ 1129(e) and 1121(e)(3)

Section 1129(e) instructs that, "[i]n a small business case, the court shall

confirm a plan that . . . is filed in accordance with section 1121(e) not later than 45

days after the plan is filed unless the time for confirmation is extended in

accordance with section 1121(e)(3)." Section 1121(e)(3), in turn, sets forth the

requirements for obtaining an extension of the 45-day deadline imposed by

§ 1129(e). It provides, in pertinent part:

> the time period fixed in section 1129(e) within which the plan shall be
> confirmed, may be extended only if —
>     (A) the debtor, after providing notice to parties in interest
>     (including the United States trustee), demonstrates by a
>     preponderance of the evidence that it is more likely than not that
>     the court will confirm a plan within a reasonable period of time;
>     (B) a new deadline is imposed at the time the extension is
>     granted; and
>     (C) the order extending time is signed before the existing
>     deadline has expired.

Section 1129(e) imposes a plainly worded, express deadline for confirming a plan

in a small business case, which can only be extended by compliance with

§ 1121(e)(3). *Roots Rents*, 420 B.R. at 35–37. The three subparts to § 1121(e)(3)

are stated in the conjunctive, meaning each must be satisfied. *Id.* at 36 (citing *In re*

*Jayo*, 06.3 I.B.C.R. 71, 74, 2006 WL 2433451, at *5 (Bankr. D. Idaho July 28,

MEMORANDUM OF DECISION - 4

2006)).

As a threshold issue, the Court must first determine whether Debtor successfully extended the § 1129(e) deadline with its initial Extension Motion. The UST asserts Debtor failed to meet all the requirements for extending the time to confirm a plan in this small business case. Specifically, the UST contends an order extending time was not signed before the 45-day deadline had expired, as is required by § 1121(e)(3)(C). Therefore, argues the UST, the § 1129(e) deadline — which was never effectively extended — expired on April 11, 2012, leaving nothing for Debtor to extend with its Second Extension Motion. The Court finds the UST's argument persuasive.

Debtor satisfied the first two parts of § 1121(e)(3) at the April 9 Extension Motion hearing. Debtor demonstrated it was more likely than not that the court would confirm a plan within a reasonable period of time, and a new deadline of July 2, 2012, was imposed at that time. However, a proposed order extending the deadline was never submitted, much less signed by the Court and entered, before the existing deadline expired on April 11, 2012. Debtor failed to comply with § 1121(e)(3)(C).

As the party seeking relief from the deadline, it was incumbent upon Debtor to ensure an order came before the Court for signature before the existing deadline expired. Debtor failed to do so and must now bear the consequences under the Code that flow from its inaction. The language of § 1121(e)(3)(C) clearly requires

MEMORANDUM OF DECISION - 5

the order extending time *be signed before* the existing deadline expires in order to

extend time for confirming a plan under § 1129(e).  That did not occur here.  The

statutory language is plain and thus must be enforced according to its terms.  *See*

*Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004); *Roots Rents*, 420 B.R. at 34.[5]

Because an order extending time was not signed before April 11, 2012, the time

for Debtor to confirm its plan under § 1129(e) was never effectively extended in

the first instance.  Debtor's Second Extension Motion is therefore rendered moot.[6]

Debtor attempts to skirt the § 1121(e)(3)(C) issue by arguing the minute

entry from the April 9 hearing, Doc. No. 47, satisfies that section's requirements.

Debtor necessarily argues, then, that the minute entry constituted an "order

extending time . . . signed before the existing deadline has expired."  This

argument is unavailing.

The Ninth Circuit has had occasion to evaluate whether a minute entry

constitutes a final order.  *See Brown v. Wilshire Credit Corp. (In re Brown)*, 484

F.3d 1116, 1120–23 (9th Cir. 2007).  "A disposition is final if it contains 'a

*complete* act of adjudication, that is, a full adjudication of the issues at bar, and

clearly evidences the judge's intention that it be the court's final act in the

matter.'"  *Id.* at 1120 (quoting *In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990)).

---

[5] *See also Roots Rents*, 420 B.R. at 37 ("failure to meet the pre-deadline order requirement of § 1121(e)(3)(C) is 'conclusive' on the issue of whether extension can be granted") (citing *In re Caring Heart Home Health Corp.*, 380 B.R. 908 (Bankr. S.D. Fla. 2008)).

[6] *Accord Roots Rents*, 420 B.R. at 36 (amended plan and amended disclosure statement do not negate failure to properly extend the initial 45-day deadline).

MEMORANDUM OF DECISION - 6

"Evidence of intent consists of the Order's content and the judge's and parties [sic]

conduct." *Id.* (quoting *Slimick*, 928 F.2d at 308).[7]

The Court's April 9 minute entry did not constitute an order for purposes of

§ 1121(e)(3), as it was not intended to be the Court's final act on Debtor's

Extension Motion. The minute entry on its face contemplated the subsequent entry

of a separate order on the Court's ruling. Further, the Court can, with confidence,

state that it was not its intention that the minute entry be the final act on the

Extension Motion.[8]

Based on the reasons set forth above, Debtor's Second Extension Motion

will be denied.[9]

### B.    Approval of Disclosure Statement

Based on the Court's foregoing conclusions regarding the failure to extend

the time for confirming a plan in this small business case, the Court determines

that approval of the Amended Disclosure Statement should be denied. Because

Debtor's plan cannot be confirmed given the requirements of § 1129(e), there

---

[7]  It can also be noted that, in *Brown*, the bankruptcy judge had actually signed the minute entry – unlike the situation presented here – yet the Circuit still held it was not an order.

[8]  The situation here is somewhat unique. Typically, the issue of whether a minute entry constituted a final order arises where one court is evaluating the minute entry of another court. For example, in *Brown* the Ninth Circuit was interpreting the minute entry of a bankruptcy court to determine whether that minute entry was a final, appealable order. 484 F.3d at 1120. In this case, however, the Court is being asked to consider its own minute entry.

[9]  Additionally, even if the Court were to accept Debtor's arguments and treat the deadline to confirm a plan as having been extended, Debtor did not make on June 26 the showing required by § 1121(e)(3)(A) for the Second Extension Motion — *i.e.*, that it is more likely than not that the Court would confirm a plan in a reasonable time.

MEMORANDUM OF DECISION - 7

would be no utility to approving the Amended Disclosure Statement.  Approval of

the Amended Disclosure Statement will therefore be denied.

**CONCLUSION**

Based on the reasons set forth above, Debtor's Second Extension Motion

and Debtor's Amended Disclosure Statement will be denied.  The UST shall

submit appropriate orders.

Finally, while expiration of the time for confirming a plan under § 1129(e)

may create cause for dismissal or conversion under § 1112(b) — an issue alluded

to in the briefs of both the UST and Debtor — there is no motion for conversion or

dismissal under § 1112(b) currently pending before this Court.  Issues regarding

conversion or dismissal of this case will be addressed if and when such a motion is

properly brought.[10]

DATED: June 29, 2012



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[10]  In Debtor's response to the UST's objection to the Amended Disclosure Statement,
Debtor made a qualified or contingent request to dismiss this case should the Court find a
violation of § 1121(e) and § 1129(e).  *See* Doc. No. 62 at 2, 8.  The request is denied.  Debtor can
file a proper motion to dismiss and provide notice of the same should it choose.

MEMORANDUM OF DECISION - 8